C. M. RUTHERFORD *v.* D. N. HENNEN et al.

The broker or agent of both parties who is a party to the record, but without interest in the suit, is a competent witness.

A party cannot, by claiming what he is evidently not entitled to, invest the Supreme Court with jurisdiction of an amount under three hundred dollars.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.

C. T. *Bemiss*, for plaintiff and appellant. W. D. *Hennen*, for defendant.

COLE, J. 1. Although *James* is a party to the record, his testimony was admissible, because he is purely a nominal party. He was the broker or agent of both parties in the transaction, and plaintiff cannot deprive *Hennen* of the benefit of his testimony, by making him a party when he was without any interest in the suit.

2. Plaintiff, with several others, on the 18th of April, 1842, entered into an obligation whereby he became jointly and severally bound to *D. N. Hennen*, then the Clerk of the United States Circuit Court, for all the costs which would be incurred in the suit of *Tiffin & Perry* v. *Samuel Anderson and others*, instituted by bill in equity, in the court in which *Mr. Hennen* was Clerk.

On the 23d of November, 1849, plaintiff purchased of *Hennen*, through *James*, the bill of costs, amounting to $439 98, for one hundred dollars.

Plaintiff alleges he attempted to collect this fee bill from one *Z. White* by process of law, and failed therein, because it had been previously paid by other parties, and he now asks for payment of $439 98, the whole amount of the fee bill.

*Hennen* does not appear to have been a party to the proceedings in the United States Court, in which it was determined that the costs had been paid.

It appears that certain drafts were given for the costs which were never paid, and these were introduced in evidence in this suit by *Hennen* to show that he had never been paid.

It is only necessary, however, to consider one point.

If other parties have paid more than was due, they have the right of action and not the plaintiff, to recover back the excess paid in error. It is clear that plaintiff can have no recourse upon *Hennen*, except for the hundred dollars, which he gave as the price of the thing sold, and damages which he might have suffered, but which are not alleged.

This court has then no jurisdiction of this suit. A party cannot, by claiming what he is evidently not entitled to, invest this court with jurisdiction of an amount under three hundred dollars. We must, therefore, of our own motion, dismiss this appeal. *King* v. *Read*, 7 An. 492.

Appeal dismissed, with costs.